### KINCELL v. FELDMAN.

1. Trust: PAROL EVIDENCE. In order to show that the legal title to real estate held by one is, in fact, so held *in trust* for, or under such circumstances as that equity will compel a conveyance to, another, the evidence must be clear and conclusive.

*Appeal from Lee District Court.*

MONDAY, JUNE 17.

SUIT in equity to compel a conveyance of real estate, in accordance with an alleged parol agreement or trust. The answer controverts the agreement and trust. The District Court found for the defendant, and the plaintiff appeals.

*Semple* and *Kinley* for the appellant.

*J. M. Beck* and *J. Casey* for the appellee.

COLE, J.—This cause presents a single question of law and fact. The counsel for appellants are clearly right in their legal proposition, that parol evidence is competent to show that the legal title held by one party is, in fact, so held in trust for, or under such circumstances as that equity will require him to convey it to, another. In such cases, however, the proof must be very clear and conclusive.

The counsel for appellant have argued the fact proposition with much acumen and force. We have unitedly

given to the whole evidence a careful reading and full consideration, and, by the aid of the light afforded by the unusually full and searching arguments, are quite agreed that the proof does not establish the claim of the plaintiff with that clearness and distinctiveness requisite under the rule of law above stated. To state at length the reasons and considerations arising upon the evidence, which lead us to the conclusion, would occupy too much space in the reports, and necessarily be without benefit to the profession or satisfaction to the parties.

Reversed.